<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JORGE NOGUEIRA, | Civil Action No. 25-15446 |
| *Plaintiff*, | |
| v. | **OPINION** |
| ZOLL RESPICARDIA, INC., | June 30, 2026 |
| *Defendant*. | |

**SEMPER**, District Judge.

**THIS MATTER** comes before this Court on Defendant ZOLL Respicardia, Inc.'s ("Defendant" or "ZOLL") Motion to Dismiss Plaintiff Jorge Nogueira's ("Plaintiff") Complaint (ECF 1, "Notice of Removal" or "Notice," Ex. A, "Complaint" or "Compl.") pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF 6-1, "Motion" or "Mot.") Plaintiff opposed the Motion. (ECF 10, "Opposition" or "Opp.") Defendant filed a brief in reply. (ECF 11, "Reply.") The Court reviewed all the submissions and decided the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendant's Motion is **GRANTED** and Plaintiff's Complaint is **DISMISSED** without prejudice.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

This action stems from Plaintiff's employment with ZOLL from April 2024 to February 2025. (Compl. ¶¶ 6, 86.) Plaintiff is a 58-year-old male resident of New Jersey and is of

---

[1] The Court draws the facts and procedural background from the Complaint. The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). The allegations in the Complaint are accepted as true solely for purposes of this Motion, except where conclusory and/or

1

Portuguese descent. (*Id.* ¶¶ 1, 5, 94.) Defendant is a for-profit corporation with a principal place of business in Minnesota. (*Id.* ¶ 2.) In April 2024, Plaintiff began working at ZOLL on its sales team to sell a new product used to treat Central Sleep Apnea, the Remedē® System, in the Northeast territory of Upstate New York, New Jersey, Eastern Pennsylvania, and Delaware. (*Id.* ¶¶ 6-7, 9.) During the onboarding process, ZOLL employees told Plaintiff that this was "a hard job with a lot of moving parts and it will take 12 months or more for [Plaintiff] to get fully up to speed." (*Id.* ¶ 8.) At the time of his hiring, ZOLL offered Plaintiff "a generous 12-month commission guarantee." (*Id.*)

Craig Yannuzzi ("Yannuzzi"), a ZOLL Area Director, supervised Plaintiff. (*Id.* ¶ 10.) Yannuzzi had a close personal relationship with Plaintiff's predecessor, Dan Crowley ("Crowley"), and asked Crowley to reconsider leaving ZOLL. (*Id.* ¶¶ 11, 28.) Crowley is a Caucasian man in his "late-40s to mid-50s." (*Id.* ¶ 71.) While Yannuzzi often spoke kindly about Crowley, he also told Plaintiff that Crowley's predecessor, Erin Dolan ("Dolan"), was terminated for poor performance. (*Id.* ¶¶ 21-22, 24.) Dolan had in fact filed sex-based discrimination claims against Yannuzzi. (*Id.* ¶ 24.)

During Plaintiff's first few weeks on the job, Plaintiff alleges Yannuzzi "knowingly misrepresented" the status and product interest level of several customers to Plaintiff. (*Id.* ¶¶ 14-18.) Plaintiff also claims Yannuzzi directed him to focus solely on Philadelphia and New Jersey rather than the entirety of Plaintiff's Northeast territory. (*Id.* ¶¶ 34-37.) Additionally, Yannuzzi "refused to spend meaningful time with [Plaintiff] in the field," spending only two full days with Plaintiff over seven months. (*Id.* ¶¶ 30-31.) Despite these setbacks, Plaintiff established

---

implausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

relationships with several customers within his designated territory and took part in internal meetings, trainings, and compliance exercises.  (*Id.* ¶¶ 18-20.)

Plaintiff refers to several instances of Yannuzzi's alleged discrimination, which took place from early in his employment until termination, including, but not limited to: directing Plaintiff to focus only on certain areas within his territory and then criticizing him for not focusing on the others; directing Plaintiff to attend all clinical meetings and subsequently saying his skills would be better used in sales; having Plaintiff present a slideshow without reading from the screen and prohibiting him from using Microsoft features he had used to rehearse the presentation; placing Plaintiff on a performance improvement plan ("PIP") four months into his employment due to poor training performance despite not discussing the training's grading and metrics; and terminating Plaintiff based on "work performance" after finding he had successfully completed the PIP.  (*See generally id*.)  Plaintiff also alleges Yannuzzi "harbored bigoted viewpoints" after listening to Yannuzzi complain about his daughter marrying a Muslim man.  (*Id.* ¶ 47.)  Ultimately, Plaintiff claims Yannuzzi failed to both perform as an Area Director and guide Plaintiff's sales development, resulting in Plaintiff feeling helpless.  (*Id.* ¶¶ 90-92.)

On February 18, 2025, ZOLL terminated Plaintiff's employment.  (*Id.* ¶ 86.)  On August 12, 2025, Plaintiff filed his Complaint in the Superior Court of New Jersey, Union County. (Compl.)  In his Complaint, Plaintiff brings four claims against Defendant: national origin and race-based discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2 *et seq.* (Count I); age-based discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 (Count II); national origin, race, and age-based discrimination in violation of the New Jersey Law Against Discrimination ("NJLAD"),  N.J. Stat. § 10:5-12(1) (Count III); and a claim under the doctrine of promissory

estoppel regarding Defendant's "clear and unambiguous promise" to allow Plaintiff 12 months to acclimate to the role and provide a 12-month guaranteed commission (Count IV).  (*Id.* ¶¶ 93-119.) On September 11, 2025, Defendant removed the action to this Court.  (Notice.)  On October 2, 2025, Defendant filed its Motion to Dismiss Plaintiff's Complaint for failure to state a claim under Rule 12(b)(6). (Mot.)  On November 3, 2025, Plaintiff filed his Opposition.  (Opp.)  On November 10, 2025, Defendant replied.  (Reply.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted[.]"  For a complaint to survive dismissal under the Rule, it must contain sufficient factual matter to state a claim that is plausible on its face.  *Iqbal*, 556 U.S. at 678  (quoting *Twombly*, 550 U.S. at 570.  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*, 556 U.S. at 678.  Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted).  As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims."  *Id.* at 789.

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  Restatements of a claim's elements are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011).  The Court, however, "must accept all of the complaint's well-pleaded facts as true."  *Fowler*, 578 F.3d at 210.  Even if

4

plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at \*2 (D.N.J. Jan. 23, 2015).

### III.    ANALYSIS

#### A.  Employment Discrimination Claims (Counts I-III)

Plaintiff alleges race, national origin, and age discrimination against Defendant under Title VII, ADEA, and NJLAD.  (Compl. ¶¶ 93-112.)  Title VII prohibits employers from discriminating based on an employee's race or national origin.  42 U.S.C. § 2000e–2(a).  The ADEA prohibits employers from discriminating based on an employee's age.  29 U.S.C. § 623.  The NJLAD prohibits employers from discriminating based on an employee's race, national origin, or age. N.J.S.A. § 10:5-12.

#### 1.  Failure to Exhaust Administrative Remedies

Title VII requires a plaintiff bringing an action against an employer for discrimination to first file an action with the Equal Employment Opportunity Commission ("EEOC") within 180 days, or 300 days where there has been a cross-filing with a state agency, of the alleged conduct. 42 U.S.C. § 2000e-5(e)(1); *Webb v. City of Phila.*, 562 F.3d 256, 262 (3d Cir. 2009) ("Before bringing suit under Title VII in federal court, a plaintiff must first file a charge with the EEOC."). After filing a charge with the EEOC, a plaintiff must receive a "right to sue" letter before filing suit in this Court.  *See Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001) (stating the EEOC will then investigate the charge, and the plaintiff must wait until the EEOC issues a right-to-sue letter before she can initiate a private action); *Ditzel v. Univ. of Med. & Dentistry of N.J.*, 962 F. Supp. 595, 602 (D.N.J. 1997).  Only after the EEOC action is filed, an

investigation is completed, and a right to sue letter is issued can a plaintiff be considered to have exhausted his administrative remedies. *Burgh*, 251 F.3d at 470.

The ADEA also requires that a plaintiff file a charge with the EEOC, but the individual does not need to receive a right to sue letter before asserting an ADEA claim in court. 29 U.S.C. § 626(d). "Failure to exhaust administrative remedies is an affirmative defense" for Title VII and ADEA claims, and "is grounds for dismissal on a Rule 12(b)(6) motion." *Slingland v. Donahoe*, 542 F. App'x 189, 191 (3d Cir. 2013) (citing *Robinson v. Dalton*, 107 F.3d 1018, 1021-22 (3d Cir. 1997)).

Here, Plaintiff fails to allege that he exhausted his administrative remedies for his race, national origin, and age discrimination claims. (*See* Compl.) Nor does he provide any evidence of exhaustion. And Defendant fails to affirmatively raise a failure to exhaust administrative remedies defense. (*See* Mot.); *see also Burg v. U.S. Dep't of Health and Hum. Servs.*, 387 F. App'x 237, 241 (3d Cir. 2010) ("Failure to exhaust administrative remedies is an affirmative defense that must be pled and proven by the defendant (quoting *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002))). Because the Court is unable to ascertain whether Plaintiff exhausted his administrative remedies, Plaintiff is ordered to file a copy of all charges of discrimination filed with the EEOC that form the basis of this action and a copy of any decisions, right to sue letters, or relevant documents from the EEOC in response to any charge Plaintiff filed.

### 2. Failure to State a Claim

Defendant argues that Plaintiff's Complaint is devoid of facts to plausibly infer any race, national origin, or age discrimination. (Mot. at 7-10.) Plaintiff argues that "several allegations in the Complaint" support such plausible inferences. (Opp. at 5-7.)

### i. Title VII and NJLAD

To plead a valid cause of action for discrimination under Title VII and the NJLAD,[2] Plaintiff must show: (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action. *Barrentine v. N.J. Transit*, 44 F. Supp. 3d 530, 538 (D.N.J. 2014) (citing *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003) (citations omitted)). It is not enough for Plaintiff to submit a mere "naked assertion that he was discharged" based on his status as a protected class-member, rather he must plead facts that "plausibly connect his national origin to his discharge." *Santos v. Iron Mt. Film & Sound*, 593 F. App'x 117, 119 (3d Cir. 2014) (citing *Iqbal*, 556 U.S. at 678).

Accepting all allegations in the Complaint as true, Plaintiff meets the first three elements: (1) Plaintiff is a member of a protected class as a person of Portuguese descent, (Compl. ¶ 94); (2) Plaintiff was qualified for the sales position that he held (*id.* ¶¶ 6, 18-19, 104); and (3) Plaintiff was subject to termination, (*id.* ¶ 97), which is an adverse employment action. *See Burlington Indus. v. Ellerth*, 524 U.S. 742, 761 (1998). But Plaintiff fails to plausibly allege ZOLL terminated his employment due to his race or Portuguese descent. Plaintiff points to Yannuzzi's "relentless praise" of Crowley, Yannuzzi's "bigoted viewpoints" of Muslims, and a sexual harassment claim against Yannuzzi as circumstances that raise an inference of ZOLL's discriminatory intent. (Opp. at 5-6.) But such facts are particularly insufficient here as Plaintiff does not claim religious or sex-based discrimination.

---

[2] "The prima facie elements of employment discrimination are the same for claims under Title VII and the NJLAD." *Murphy v. Hous. Auth. & Urb. Redevelopment Agency*, 32 F. Supp. 2d 753, 763 (D.N.J. 1999).

Because Plaintiff does not assert any factual allegations that raise a plausible inference that anyone at ZOLL, including Yannuzzi, terminated Plaintiff due to his race or Portuguese origin, he fails to plead a valid cause of action for race and national origin discrimination under Title VII and the NJLAD.  Accordingly, Counts I and III of the Complaint are **DISMISSED** without prejudice.

### ii.  ADEA and NJLAD

To plead a valid cause of action for age discrimination under the ADEA, Plaintiff must show: (1) he is 40 years of age or older; (2) ZOLL took an adverse employment action against him; (3) he was qualified for the position in question; and (4) he was ultimately replaced by another employee who was sufficiently younger to support an inference of discriminatory animus.  *Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013).  "Unlike federal discrimination claims brought under the ADEA, the first LAD element for a *prima facie* case of age discrimination is not limited to employees age forty or older."  *Wright v. L-3 Commc'ns Corp.*, 227 F. Supp. 2d 293, 298 (D.N.J. 2002).  Under the NJLAD, Plaintiff "must still demonstrate that he . . . is a member of a protected class."  *Id.* (citing *Bergen Com. Bank v. Sisler*, 723 A.2d 994, 949 (N.J. 1999)).  "[T]hat older workers form the presumptive protected class under the anti-age-discrimination provisions of the LAD is clear."  *Id.* (quoting *Sisler*, 723 A.2d at 949).

Again, Plaintiff meets the first three elements: (1) Plaintiff was 57 years old at the time of his termination, (Compl. ¶ 97), which meets the ADEA threshold and qualifies Plaintiff as member of a NJLAD protected class; (2) Plaintiff was subject to termination; and (3) Plaintiff was qualified for the sales position that he held.  For the fourth element, Plaintiff asserts that Yannuzzi took over Plaintiff's sales role—but does not allege Yannuzzi's age.  (*Id.* ¶ 88.)  First, such a bald assertion that Yannuzzi was "sufficiently younger" cannot support an inference of age discrimination.  Second, Plaintiff noting that his predecessor, Crowley, was in his "late-40s to mid-50s," a mere

8

two-to-ten-year difference at most from Plaintiff, also does not move the needle on "sufficiently younger." (*Id.* ¶ 71.) Lastly, ZOLL hiring Plaintiff at the same age that he was terminated undermines any inference of age discrimination. *See, e.g.*, *E.E.O.C. v. MCI Int'l, Inc.*, 829 F. Supp. 1438, 1461 (D.N.J. 1993) ("[I]t is 'incredible' that the same company who had so recently hired [a 49-year-old] so suddenly developed an aversion to older people.").

Because Plaintiff does not assert any factual allegations that raise a plausible inference that anyone at ZOLL, including Yannuzzi, terminated him due to his age, he fails to plead a valid cause of action for age-based discrimination under the ADEA and NJLAD. Accordingly, Counts II and III of the Complaint are **DISMISSED** without prejudice.

### B. Promissory Estoppel Claim (Count IV)

Plaintiff alleges that Defendant promised him 12 months to acclimate to his sales role and an accompanying 12-month guaranteed commission, and that Plaintiff reasonably relied on the promise to his detriment. (Compl. ¶¶ 113-19.) Defendant argues that it did not offer Plaintiff a promise and even if it did, Plaintiff's at-will employment renders his reliance unreasonable. (Mot. at 11-14.) Plaintiff argues that his employment offer letter, which substantiates Defendant's argument of at-will employment, is "outside the four corners of the Complaint." (Opp. at 7-8.)

To plead a valid cause of action for promissory estoppel under New Jersey law, a plaintiff must show: "(1) a clear and definite promise; (2) made with the expectation that the promisee will rely on it; (3) reasonable reliance; and (4) definite and substantial detriment." *Toll Bros. v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 944 A.2d 1, 19 (N.J. 2008). "Indefinite promises or promises subject to change by the promisor are not 'clear and definite' and cannot give rise to a claim for promissory estoppel." *Del Sontro v. Cendant Corp.*, 223 F. Supp. 2d 563, 574 (D.N.J. 2002). Under New Jersey's employment-at-will doctrine, "[a]n employer is free to change the

9

terms of employment" and "fire an employee for good reason, bad reason, or no reason at all." *Worbetz v. Ward N. Am., Inc.*, 54 F. App'x 526, 532 (3d Cir. 2002) (quoting *Witkowski v. Thomas J. Lipton, Inc.*, 643 A.2d 546 (N.J. 1994); *Mita v. Chubb Computer Services, Inc.*, 767 A.2d 989, (Super. Ct. App. Div. 2001)).

The Court finds that Plaintiff fails to plausibly show a cause of action for promissory estoppel. ZOLL employed Plaintiff "at will." (ECF 6-3, Ex. A, "Offer Letter.") Therefore, ZOLL's promise of 12 months was "subject to change," not clear and definite. *See Del Sontro*, 223 F. Supp. 2d at 574. And Plaintiff cannot prove "reasonable reliance" on such a promise where he "agreed to be employed 'at will' in documents he signed." (*See* Offer Letter (signed by Plaintiff on May 31, 2024)); *Worbetz*, 54 F. App'x at 532. That the Court considers Plaintiff's Offer Letter, which Defendant attached as an exhibit to its Motion, is of no moment because the letter is "integral to" Plaintiff's claim of promised 12-month employment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426; *see also In re Donald J. Trump Casino Sec. Litig.-Taj Mahal Litig.*, 7 F.3d 357, 368 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."). Accordingly, Count IV of the Complaint is **DISMISSED** without prejudice.

## IV.    CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED** without prejudice in its entirety. An appropriate order follows.

/s/ Jamel K. Semper
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    Stacey D. Adams, U.S.M.J.
       Parties